UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE THOMAS,

            Petitioner,              Case Number: 2:08-CV-15020

v.                                             HON. VICTORIA A. ROBERTS

NICK LUDWICK,

            Respondent.
_____/

## ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 20) TO THE SIXTH CIRCUIT COURT OF APPEALS

This matter is before the Court on Ronnie Thomas's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6).  For the reasons that follow, the Court transfers the Rule 60(b) motion for relief from judgment to the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) so that Thomas may seek authorization to file a second or successive habeas petition.

Thomas was convicted in 2005 of carjacking and armed robbery.  After exhausting his state court appeals, he filed a *pro se* petition for writ of habeas corpus arguing that the trial court gave an unduly coercive jury instruction in response to the jury's report that it was unable to reach a unanimous verdict.  On July 12, 2010, the Court issued an opinion and order denying the petition and declining to issue a certificate of appealability. *Thomas v. Ludwick*, No. 2:08-CV-15020, 2010 WL 2740093, at *1 (E.D. Mich. July 12, 2010).  The Sixth Circuit Court of Appeals denied Thomas's application for a certificate

of appealability. *People v. Thomas*, No. 10-2142 (6th Cir. May 25, 2011).

On April 12, 2021, Thomas filed the pending motion for relief from judgment under Rule 60(b)(6). Thomas argues that the Court failed to address a portion of his claim. Specifically, he argues that the Court considered only the supplemental jury instruction and failed to address his argument that the totality of the circumstances impacted and magnified the coercive effect of the instruction.[1]

As a threshold matter, the Court must decide whether it has jurisdiction to consider Thomas's motion. A district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). Under some circumstances, a Rule 60(b) motion filed in a § 2254 action may be subject to the restrictions on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). When a "Rule 60(b) motion advances one or more 'claims'" such as "a new ground for relief," or if it alleges "that the [federal] court erred in denying habeas relief on the merits," courts must treat the motion for reconsideration as a "second or successive habeas petition." *See id.* at 532-34. On the

---

[1] To the extent that Thomas separately seeks relief from the Court's order denying a certificate of appealability, this claim is meritless. The Sixth Circuit denied Thomas a certificate of appealability in 2011. *See Thomas v. Ludwick*, No. 10-2142 (6thCir. May 25, 2011). The Sixth Circuit's denial of a certificate of appealability is the "law of the case, binding in subsequent stages of litigation." *Dillingham v. Jenkins*, No. 17-3813, 2017 WL 5438882, at *1 (6th Cir. Nov. 8, 2017) (citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017)).

other hand, a motion does not seek to advance new claims and should not be transferred to the circuit court if the motion merely attacks the integrity of the federal habeas proceedings or challenges a previous ruling that precluded a merits determination. *Id.* at 532.

Thomas purports to challenge a defect in the integrity of the habeas proceeding, rather than the Court's decision. But that "makes no difference" because "all that matters is that [the petitioner] is 'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." *Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531-32). A petitioner cannot circumvent AEDPA's requirement "that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar" by "couch[ing his claims] in the language of a true Rule 60(b) motion." *Gonzalez*, 545 U.S. at 532.

Thomas's motion challenges the Court's merits determination. As such, it is a successive habeas petition. Thomas has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The Court will transfer the motion to the Sixth Circuit Court of Appeals for a determination whether Thomas is authorized to file a successive petition. *See Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of the Court is directed to transfer Petitioner's Motion for Relief from Judgment (ECF No. 20) to the United States Court of Appeals for the Sixth

Circuit.

SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATED: 1/4/2022