UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE THOMAS,

        Petitioner,               Case Number: 2:08-CV-15020

v.                                    HON. VICTORIA A. ROBERTS

NICK LUDWICK,

        Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT MOTION FOR BOND (ECF 24) AND DENYING MOTION FOR BOND (ECF 22)

This matter is before the Court on Ronnie Thomas's Motion for Bond and Motion to Supplement Motion for Bond. For the reasons that follow, the Court grants the motion to supplement and denies the motion for bond.

Thomas was convicted in 2005 of carjacking and armed robbery. After exhausting his state court appeals, he filed a *pro se* petition for writ of habeas corpus. On July 12, 2010, the Court issued an opinion and order denying the petition and declining to issue a certificate of appealability. *Thomas v. Ludwick*, No. 2:08-CV-15020, 2010 WL 2740093, at *1 (E.D. Mich. July 12, 2010). The Sixth Circuit Court of Appeals denied Thomas's application for a certificate of appealability. *People v. Thomas*, No. 10-2142 (6th Cir. May 25, 2011).

On April 12, 2021, Thomas filed a motion for relief from judgment under Rule 60(b)(6). The Court held that the motion was an unauthorized second or successive

petition and transferred it to the Sixth Circuit Court of Appeals. (ECF No. 21.) The Court of Appeals denied Thomas authorization to file a second or successive petition. *See In re: Thomas*, No. 22-1009 (6th Cir. May 6, 2022).

In his motion to supplement, Petitioner seeks permission to provide an additional pandemic-related argument supporting his release on bond. The Court will grant Petitioner leave to supplement his motion for bond.

Petitioner seeks release on bond under Rule 23 of the Federal Rules of Appellate procedure, which provides that when a decision ordering the release of a prisoner is on appeal, the prisoner must be released unless the court orders otherwise. This rule creates "a presumption of release pending appeal where a petitioner has been granted habeas relief." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987)); Fed. Rule App. Proc. 23(c). Here, Rule 23(c) is inapplicable because the Court has denied relief, this case is closed, and Thomas's appeal is no longer pending.

Additionally, Thomas's argument that the ongoing Covid-19 pandemic warrants release on bond is unrelated to the claims raised in his habeas corpus petition and, therefore, not properly field in this closed case. *See, e.g., Smith v. Zuercher*, No. 7:08-cv-229, 2009 WL 499112, *4, n.2 (E.D. Ky. Feb. 27, 2009) (petitioner not permitted to "piggy-back" separate, unrelated claims onto habeas petition). To the extent Thomas seeks relief under 42 U.S.C. § 1983, he must proceed in a new, separate action.

Accordingly, the Court GRANTS Petitioner's motion to supplement (ECF No. 24)

2

and DENIES Petitioner's motion for bond (ECF No. 22).

    SO ORDERED.

                                                      s/ Victoria A. Roberts
                                                      VICTORIA A. ROBERTS
                                                      UNITED STATES DISTRICT JUDGE

DATED: 6/22/2022